Filed 8/23/24  P. v. Martinez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL MARTINEZ,<br><br>Defendant and Appellant. | F086840<br><br>(Super. Ct. No. VCF340271)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Joshua G. Wilson, under appointment by the Court of Appeal, Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Smith, Acting P. J., Meehan, J. and Snauffer, J.

## **INTRODUCTION**

On March 20, 2019, appellant Daniel Martinez plead guilty to one count of premeditated attempted murder (Pen. Code,[1] § 664/187, subd. (a)) and assault with a deadly weapon (§ 245, subd. (a)(1)). In addition, Martinez admitted that he had inflicted great bodily injury upon the victim in the commission of both crimes (§ 12022.7, subd. (a)), and that he had personally used a deadly weapon in the commission of the attempted murder (§ 12022, subd. (b)(1)). He was sentenced to a prison term of seven years to life.

On March 27, 2023, Martinez filed a petition for resentencing seeking to vacate his conviction for premeditated attempted murder. The trial court appointed counsel to represent Martinez and set a briefing schedule on Martinez's petition. The district attorney's office filed a motion in opposition of Martinez's petition, but Martinez's appointed counsel did not.

On July 25, 2023, the trial court denied Martinez's petition, finding that he had failed to state a prima face case for resentencing relief.

Appellate counsel for Martinez filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief includes a declaration by appellate counsel stating that Martinez was advised of his right to file a brief of his own with this court.

By letter dated May 10, 2024, we also invited Martinez to submit additional briefing. To date, we have not received a response from him.

Pursuant to *Wende, supra*, 25 Cal.3d 436, we have reviewed the entire record. Finding no arguable error that would result in a disposition more favorable to Martinez, we affirm.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise stated.

2.

## FACTUAL AND PROCEDURAL HISTORY

Following a preliminary hearing, but prior to a criminal trial, Martinez plead guilty to the charged offenses.  The following statement of facts is derived from the transcripts from Martinez's preliminary hearing.  We recite these facts for the sole purpose of providing context to Martinez's underlying conviction:

On August 31, 2016, J.M. was helping his daughter who owned a motorcycle store in Tulare.  After discussing motorcycle prices with J.M., Martinez left to discuss a potential purchase with his spouse.  Martinez returned around closing time, as J.M. was moving display motorcycles back inside the store.  Martinez suddenly stabbed J.M. in the back and then told him to lie face down on the ground.  When J.M. tried to get up, Martinez stabbed J.M. five more times.  Martinez fled when a group of bystanders intervened.

## DISCUSSION

### I. The Record of Conviction Demonstrates that Martinez is Ineligible for Section 1172.6 Resentencing Relief as a Matter of Law

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Prior to the enactment of Senate Bill No. 1437, a defendant could be convicted of premeditated attempted murder upon a natural and probable consequences theory.  (See *People v. Favor* (2012) 54 Cal.4th 868, 879-880.)  However, changes made to the law by the enactment of Senate Bill No. 1437 have foreclosed such a possibility.  Under

amended section 188 and 189, a defendant can only be convicted of premeditated attempted murder if they harbored the intent to kill. (See CALCRIM Nos. 600 & 601.)

Martinez plead guilty, in relevant part, to premeditated attempted murder (§ 664/184) with enhancements for the personal infliction of great bodily injury (§ 12022.7) and the personal use of a deadly weapon (§ 12022, subd. (b)(1)). He entered his guilty plea on March 20, 2019, more than three months after Senate Bill No. 1437 went into effect. As amended by Senate Bill No. 1437, section 188 provides the following: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Thus, under changes in the law in effect at the time of his plea, Martinez could not have been convicted of premeditated attempted murder based upon imputed malice.

Not only did Martinez necessarily admit that he harbored the intent to kill by entering his plea to premeditated attempted murder after the enactment of Senate Bill No. 1437, he also admitted that he was the direct perpetrator of the crime. With respect to his conviction for premeditated attempted murder, Martinez admitted an enhancement for the infliction of great bodily injury. Section 12022.7, subdivision (a) provides: "Any person *who personally inflicts* great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." (Italics added.)

By enacting section 12022.7, "the Legislature intended to impose an additional penalty for causing great bodily injury only on those principals who perform the act that directly inflicts the injury, and that one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7." (*People v. Cole* (1982) 31 Cal.3d 568, 571.) "Accordingly, 'one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7.' " (*People v. Slough* (2017) 11 Cal.App.5th 419, 423.)

4.

Based on the foregoing, we conclude that the record of conviction shows without " 'factfinding involving the weighing of evidence or the exercise of discretion' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972), that Martinez is ineligible for section 1172.6 resentencing relief as a matter of law. By entering his plea after the passage of Senate Bill No. 1437, Martinez necessarily admitted that he had acted with express malice. Further, the fact that he admitted to the *personal* infliction of great bodily injury in the commission of the premeditated attempted murder necessarily reflects that he admitted that he was the direct perpetrator. The trial court therefore properly denied Sanchez's petition at the prima facie sage.

## DISPOSITION

The trial court's order denying Martinez's petition for resentencing is affirmed.